UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN FOSTER,

        Petitioner,

                                  Civil Case No. 16-11898
v.                                     Honorable Linda V. Parker

WILLIE SMITH, et al.

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

      Petitioner Robert Alan Foster ("Petitioner"), confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, Petitioner challenges his state court convictions for unlawful imprisonment, assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, domestic violence, and being a fourth felony habitual offender.  For the reasons stated below, the Court is summarily dismissing without prejudice Petitioner's application for habeas relief.

## BACKGROUND

Following a trial, a jury in the Circuit Court for Wayne County, Michigan, convicted Petitioner of the above offenses. On February 4, 2014, the trial court sentenced Petitioner. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence on July 23, 2015. *People v. Foster*, No. 320868, 2015 WL 4488606 (Mich. Ct. App. July 23, 2015.) The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal on December 23, 2015. *People v. Foster*, 872 N.W.2d 497 (Mich. 2015).

On January 26, 2016, Petitioner filed a post-conviction motion for relief from judgment in the trial court pursuant to Michigan Court Rule 6.500. The trial court denied the motion on April 22, 2016. *People v. Foster,* No. 12-010678-01-FH (Wayne Cnty. Cir. Ct. Apr. 22, 2016). Petitioner does not claim to have filed an appeal from the denial of his post-conviction motion with the Michigan Court of Appeals or the Michigan Supreme Court. Neither the Michigan Court of Appeals' website nor Westlaw reflect that Petitioner ever appealed the denial of his post-conviction motion to the Michigan Court of Appeals or the Michigan Supreme Court.[1]

---

[1] The Court obtained this information from the Michigan Court of Appeals' website, located at coa.courts.mi.gov, and Westlaw's website, located at westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D.

Petitioner filed his federal habeas corpus petition on May 25, 2016, asserting the following grounds in support of his request for relief:

> I. Ineffective assistance of trial and appellate counsel is an issue pertaining to this case. People v. Foster, L.C. 12-010678-FH, C.O.A. 320868.
>
> II. Government suppression of evidence.
>
> III. Impeachment evidence, false testimony from prosecutor's leading witness as well as complaining witness.
>
> IV. Prison officials' interference that obstructed justice and my life, liberty, and pursuit of happiness.

(ECF No. 1.)

## Discussion

The Court must dismiss without prejudice Petitioner's application for a writ of habeas corpus pursuant to § 2254 because the petition contains claims that Petitioner has not exhausted with the state courts.

Generally, a state prisoner seeking federal habeas relief first must exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Exhaustion "is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *Wagner v. Smith*,

---

Mich. 2003). A federal district court also is permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n. 2 (D. Me. 2003).

581 F.3d 410, 415 (6th Cir. 2009) (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).  Therefore, a federal district court must review each claim for exhaustion before reviewing any claim on the merits.  *Id.*  The court must dismiss mixed habeas petitions (i.e., those containing exhausted and unexhausted claims).  *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).  The federal habeas court may *sua sponte* raise the failure to exhaust state court remedies.  *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).  A habeas petitioner has the burden of proving exhaustion of state court remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-10 (1950)).  Petitioner fails to satisfy this burden.

Petitioner acknowledges that he did not raise his fourth claim on his appeal of right, but that he raised the issue for the first time in his post-conviction motion for relief from judgment.  It also appears that Petitioner did not raise the portion of his first claim involving the ineffective assistance of appellate counsel in his appeal of right.  Petitioner's pleadings and the court opinions attached thereto reflect that this portion of Petitioner's first claim only was raised in Petitioner's post-conviction motion for relief from judgment.  Petitioner's claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement.  *See Baldwin v. Reese*, 541 U.S. 27, 30-33 (2004).  State post-conviction review indeed

would have been the first opportunity Petitioner had to raise an ineffective assistance of appellate counsel claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). Finally, although Petitioner alleges that he raised his third claim involving false testimony on his appeal of right, the opinion and order denying post-conviction relief indicates that Petitioner in fact did not raise this claim on direct appeal. *People v. Foster,* No. 12-010678-01-FH, * 3 (Wayne Cnty. Cir. Ct. Apr. 22, 2016).

Although Petitioner raised the above-discussed claims in his post-conviction motion, there is no indication that Petitioner appealed the trial court's denial of that motion to the Michigan appellate courts. In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509, 7.203, 7.302; *see also Wagner*, 581 F.3d at 414. A criminal defendant in Michigan has six months from the trial court's denial of a motion for relief from judgment to file an application for leave to appeal with the Michigan Court of Appeals. Mich. Ct. R. 6.509(A), 7.205(F)(3). Therefore, Petitioner has until

5

October 22, 2016 to file an application for leave to appeal the denial of his post-conviction motion with the Michigan Court of Appeals.

Because Petitioner failed to complete the appellate process for any post-conviction motion he filed, he has failed to satisfy the exhaustion requirement with respect to these claims. *See, e.g., Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659, at *2 (6th Cir. Dec. 19, 2000) (finding that the petitioner failed to fairly present his claims in his Rule 6.500 motion, when he failed to appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (same). A federal habeas court should deny a habeas petition on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir.1970); *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir.1970).

A district court has the discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state court in the first instance. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). However, in *Rhines*, the Supreme Court warned that a stay is appropriate only where exceptional or unusual circumstances are present, particularly where the applicable one-year statute of limitations poses a problem for the petitioner if the petition is dismissed. *Id.* at 277. The statute of limitations should not pose a problem for Petitioner.

On direct appeal, the Michigan Supreme Court denied Petitioner's application for leave to appeal on December 23, 2015. However, the applicable one-year limitations period for filing federal habeas petitions, found in 28 U.S.C. § 2244(d)(1), did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for writ of certiorari with the United States Supreme Court (as is the case here), the limitations period in § 2244(d)(1) only begins to run when the ninety-day period for seeking a writ of certiorari expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, Petitioner's judgment became final, and the one-year limitations period would have started to run, on March 22, 2016.

Petitioner filed his post-conviction motion for relief from judgment in the state trial court on January 26, 2016, prior to the commencement of the one-year limitations period. Although the trial court denied the motion for relief from judgment, the one-year period was tolled while Petitioner's motion was pending in the trial court and continues to be tolled as long as Petitioner has the right under Michigan law to complete his post-conviction appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See Carey v. Saffold*, 536 U.S. 214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003); 28 U.S.C. § 2244(d)(2). As such, the one-year limitations period has not begun to run in Petitioner's case.

For that reason, and because the limitations period will remain tolled during the pendency of a properly filed appeal of the trial court's post-conviction decision, the Court finds that a stay is not appropriate in this case.  The Court therefore is dismissing Petitioner's habeas petition without prejudice.  In order to appeal this decision, Petitioner must obtain a certificate of appealability.

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, only if the petitioner shows the following: (1) that jurists of reason would find it debatable whether the Petitioner states a valid claim of the denial of a constitutional right; *and*, (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal is warranted.  *Id.*

The Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether the Court was correct in its procedural

ruling that Petitioner failed to exhaust an available state court remedy with respect to all of the claims asserted in his petition and that a stay is not warranted while he exhausts the unexhausted claims. The Court also is denying Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability and leave to appeal *in forma pauperis*.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: September 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 6, 2016, by electronic and/or U.S. First Class mail.

        s/ Richard Loury
        Case Manager