UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN FOSTER,

        Petitioner,

                                    Case No. 16-cv-11898
v.                                  Hon. Linda V. Parker
                                  Mag. Mona K. Majzoub

WILLIE SMITH,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING THE MOTION FOR AN ORDER TO SHOW CAUSE (ECF NO. 23), (3) DENYING MOTION TO SUPPLEMENT THE WRIT OF HABEAS CORPUS (ECF NO. 24), AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Robert Alan Foster, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges his conviction for unlawful imprisonment, MICH. COMP. LAWS § 750.349b, assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, assault with a

---

[1] The Court orders that the caption in this case be amended to reflect that the proper Respondent in this case is now Willie Smith, the warden of the prison where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

dangerous weapon, MICH. COMP. LAWS § 750.82, domestic violence, MICH. COMP. LAWS § 750.81(2), and being a fourth felony habitual offender, MICH. COMP. LAWS § 769.12. For the reasons that follow, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

## I. Background

Petitioner was convicted of severely beating his girlfriend over a four-day period after becoming upset with her when a flat screen television and home theater system that Petitioner ordered was not delivered. Petitioner accused his girlfriend of stealing it and demanded her to pay him back. When the victim was unable to get money from her grandmother, Petitioner began physically assaulting her. The victim testified that she was unable to leave the house until four days after the beating commenced. Although Petitioner left the house several times during this four-day period, the victim did not leave because Petitioner told her not to, and the victim was afraid that he would look for her and bring her back to the apartment and that the beating would be even worse. Petitioner finally ordered the victim to "get the hell out." The victim ran to a nearby Jehovah Witness Kingdom Hall, where persons called the police. The victim suffered severe injuries to her head, scalp, eyes, hip, and had two-to-three stab wounds. The victim's lower body was completely bruised. The paramedics initially thought the victim was wearing a wig because her scalp

could be peeled back.  The victim was in the hospital for a month and a half and in a rehabilitation center for another month and a half.

Petitioner's conviction was affirmed on appeal. *People v. Foster*, No. 320868, 2015 WL 4488606 (Mich. Ct. App. July 23, 2015); *lv. den.* 498 Mich. 957, 872 N.W.2d 497 (2015).  Petitioner filed a post-conviction motion for relief from judgment in the trial court pursuant to Michigan Court Rule 6.500.  The trial court denied the motion. *People v. Foster*, No. 12-010678-01-FH (Wayne Cnty. Cir. Ct. Apr. 22, 2016).  Petitioner filed this petition for writ of habeas corpus, which was dismissed without prejudice because Petitioner had not exhausted his post-conviction claims in that he had not yet appealed the denial of his post-conviction motion to the Michigan appellate courts. *Foster v. Smith*, No. CV 16-11898, 2016 WL 4608180 (E.D. Mich. Sept. 6, 2016).  The Michigan appellate courts ultimately denied Petitioner's post-conviction appeal. *People v. Foster,* No. 334826 (Mich. Ct. App. Feb. 8, 2017); *lv. den.* 501 Mich. 945, 904 N.W. 2d 602 (2017).

On August 21, 2018, this Court granted Petitioner's motion to reopen the case and to amend the habeas petition.  The Court ordered Respondent to file an answer and the Rule 5 materials within 180 days of the Court's order. (ECF No. 16.) Respondent filed the answer and Rule 5 materials on February 14, 2019. (ECF No. 21.)  Petitioner filed a motion for an order to show cause, (ECF No. 23), a motion to

supplement the petition for writ of habeas corpus with an additional jurisdictional argument, (ECF No. 24), and a reply brief. (ECF No. 25.)

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state

court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

The Michigan Court of Appeals reviewed and rejected Petitioner's first claim alleging prosecutorial misconduct under a plain error standard because Petitioner failed to preserve his prosecutorial misconduct claim as a constitutional issue at the trial court level. The AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017); *cert. den.* 138 S. Ct. 1998 (2018).

Petitioner's sixth claim was denied, in part, by the trial court on post-conviction review, pursuant to M.C.R. 6.508(D)(3), on the ground that Petitioner failed to show cause and prejudice for not raising this claim on his direct appeal. Although the state court judge mentioned M.C.R. 6.508(D)(3), the AEDPA's deferential standard of review also applies to the judge's opinion because she alternatively rejected the claims on the merits. *See Moritz v. Lafler*, 525 F. App'x. 277, 284 (6th Cir. 2013).

### III. Discussion

**A. The motion for an order to show cause is DENIED.**

Petitioner filed a motion for an order for Respondent to show cause why the answer should not be stricken for being untimely. Petitioner claims that the answer is untimely because it was due on January 21, 2019 but was not filed until February

14, 2019. Respondent's answer is not untimely. The Court gave Respondent 180 days from the date of the reopening of this case, August 21, 2018, to file an answer to the petition. The answer was filed on February 14, 2019, within the 180-day limit. Thus, the motion to show cause or strike the answer is denied.

**B.  The motion to supplement the habeas petition is DENIED.**

Petitioner filed a motion to supplement his habeas petition by adding a claim that the state circuit court lacked jurisdiction over his case because Petitioner should not have been bound over for trial because the victim committed perjury at the preliminary examination.

Petitioner has failed to state a claim upon which habeas relief can be granted. A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Tegeler v. Renico,* 253 F. App'x. 521, 525-26 (6th Cir. 2007). Moreover, even if the Prosecution presented perjured testimony at the preliminary examination, as Petitioner suggests, this would not call into question the validity of Petitioner's subsequent conviction or entitle him to habeas relief. *See*

*Cardenas-Borbon v. Burt*, No. 10-13548, 2014 WL 793629, at * 21 (E.D. Mich. Feb. 27, 2014). A guilty verdict renders harmless any error in the charging decision. *See United States v. Mechanik,* 475 U.S. 66, 73 (1986). Any insufficiency of evidence at Petitioner's preliminary examination would be harmless error in light of Petitioner's subsequent conviction. *See Redmond v. Worthinton,* 878 F. Supp. 2d 822, 844 (E.D. Mich. 2012).

Therefore, the Court denies the motion to supplement or amend the petition; any amendment to the petition would be futile in light of the fact that this Court cannot grant habeas relief to Petitioner on this claim. *See Wiedbrauk v. Lavigne,* 174 F. App'x. 993, 1000-02 (6th Cir. 2006).

**C. The procedural default issue.**

Respondent contends that a number of Petitioner's claims are procedurally defaulted either because he failed to object to the alleged error at trial or failed to raise the claims on direct appeal. This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas

petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

Petitioner claims that his trial counsel was ineffective for failing to object to the prosecutorial misconduct that he alleges in his first claim, that trial counsel was ineffective for failing to obtain Petitioner's medical records which Petitioner argues in his fifth claim should have been provided to him by the prosecutor, and that his appellate counsel was ineffective for failing to raise certain claims of his on direct appeal. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

A defendant must satisfy a two-prong test to establish the denial of the effective assistance of counsel. First, the defendant must show that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. See *Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).[2]

Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, it would be easier to consider the merits of the claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

### D. Claims # 1 and # 2. The prosecutorial misconduct and related ineffective assistance of counsel claim.

Petitioner in his first claim alleges that the prosecutor committed misconduct by misstating the law concerning the elements for the crime of unlawful imprisonment. In his related second claim, Petitioner argues that trial counsel was ineffective for failing to object to the prosecutor's argument.

---

[2] To avoid repetition, the Court will not repeat the *Strickland* standard when addressing each of Petitioner's individual ineffective assistance of counsel claims.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will violate a criminal defendant's constitutional rights only if they " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his or her prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting *Harrington*, 562 U.S. at 103). Habeas petitioners must clear a "high bar" to prevail on a prosecutorial misconduct claim. *Stewart v. Trierweiler,* 867 F. 3d at 639.

Petitioner claims that the prosecutor misstated the law concerning unlawful imprisonment when he argued in closing argument that "one moment of restraint" was sufficient to support a conviction for unlawful imprisonment.

Under Michigan law, a person is guilty of the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:

> (a) The person is restrained by means of a weapon or dangerous instrument.
>
> (b) The restrained person was secretly confined.
>
> (c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony.

*United States v. Anderson*, 608 F. App'x. 369, 373 (6th Cir. 2015) (citing M.C.L.A. 750.349b).

The Michigan Court of Appeals rejected Petitioner's claim, finding that the prosecutor's statement on the law was correct:

> Although a clear misstatement of law by the prosecution, left uncorrected, can deprive a criminal defendant of the right to a fair trial, *see, e.g.*, *People v. Grayer*, 252 Mich. App. 349, 357, 651 N.W.2d 818 (2002), the prosecution did not clearly misstate the law. Defendant argues that no legal authority supports the prosecution's assertion during closing arguments that "one moment of restraint" is sufficient to satisfy the restraint element for unlawful imprisonment. But that statement is directly supported by this Court's opinion in *People v. Chelmicki*, 305 Mich. App. 58, 69, 850 N.W.2d 612 (2014) (holding that restraint need not last "for any particular length of time," and unlawful imprisonment "can occur when the victim is held for even a moment") (emphasis added). Thus, the prosecution did not misstate the law.
>
> *People v. Foster*, 2015 WL 4488606, at * 1.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). This Court

must defer to the Michigan Court of Appeals' determination that the prosecutor's statement was an accurate statement of Michigan law concerning the restraint element for the offense of unlawful imprisonment. *Matthews v. Parker*, 651 F.3d 489, 520 (6th Cir. 2011), *rev'd in part on other grounds sub nom Parker v. Matthews,* 567 U.S. 37 (2012). There was no misconduct here because the prosecutor did not misstate Michigan law concerning the restraint element. *Id.; see also Palmer v. Bagley*, 330 F. App'x. 92, 107 (6th Cir. 2009). Furthermore, because the prosecutor did not misstate the law, trial counsel was not ineffective for failing to object to a proper statement concerning Michigan law. *Matthews,* 651 F.3d at 520. Therefore, Petitioner is not entitled to relief on his first and second claims.

**E. Claims # 3 and # 5. The ineffective assistance of counsel/discovery claims.**

The Court next consolidates Petitioner's third and fifth claims because they are interrelated. In his third claim, Petitioner argues that trial counsel was ineffective for failing to investigate or present exculpatory evidence concerning Petitioner's medical records. In his related fifth claim, Petitioner argues that the prosecutor violated Petitioner's right to due process by failing to turn over this evidence to the defense. Petitioner claims that these medical records would show that he was taken to Detroit Receiving Hospital after being assaulted by the police.

Petitioner failed to offer any proof that any such medical records exist or that they provide any information that would be exculpatory. Conclusory allegations of

13

ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir. 2004) (internal quotation omitted). Petitioner is not entitled to relief on this claim because he has not shown that trial counsel failed to present evidence that would exculpate Petitioner. For the reasons that follow, the Court rejects Petitioner's third and related fifth claim.

"It is well settled that there is no general constitutional right to discovery in a criminal case." *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). A claim that a prosecutor violated state discovery rules is not cognizable in federal habeas review because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002); *see also Friday v. Straub,* 175 F. Supp. 2d 933, 940 (E.D. Mich. 2001).

A habeas petitioner can obtain relief if he or she can show that the prosecutor withheld exculpatory evidence. To prevail on this claim, Petitioner must show (1) that the state withheld exculpatory evidence and (2) that the evidence was material either to guilt or to punishment irrespective of good faith or bad faith of the prosecution. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Evidence is material only

if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 683 (1985). In *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999), the Supreme Court articulated three components or essential elements of a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F. 3d 380, 388 (6th Cir. 2002).

Petitioner is not entitled to habeas relief because he failed to show that the prosecutor had a copy of the medical records or that the records contained exculpatory information. A habeas petitioner bears the burden of showing that the prosecution suppressed exculpatory evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012). Petitioner has not shown that the medical records were exculpatory. Moreover, if these were Petitioner's medical records, he should have known about them. There is no *Brady* violation where a defendant knew or should have known the essential facts permitting him or her to take advantage of any exculpatory information, or where the evidence is available from another source. *Coe v. Bell*, 161

F. 3d 320, 344 (6th Cir. 1998).   Therefore, Petitioner is not entitled to relief on either

his third or related fifth claim.

### F.  Claim # 6.  The perjury claim.

In his sixth claim, Petitioner alleges that the prosecutor permitted the victim

and other witnesses to offer perjured testimony at trial.   Petitioner raised this claim

in his post-conviction motion for relief from judgment.   The judge denied the claim,

in part, by noting:

> "In his motion, defendant merely relies on alleged discrepancies
> between the trial testimony and prior witness statements to support his
> claim that witnesses perjured themselves. Such discrepancies are
> insufficient to conclude either that the witnesses' trial testimonies were
> actually false, or that the prosecutor *knowingly* allowed false testimony.
> *People v. Parker,* 230 Mich. 677, 690 (1998) (emphasis added).
> Accordingly, defendant's claim is without merit.

*People v. Foster*, No. 12-010678-01-FH, * 3 (Wayne Cnty. Cir. Ct. Apr. 22,

2016).

The deliberate deception of a court and jurors by the presentation of known

and false evidence is incompatible with the rudimentary demands of justice. *Giglio*

*v. United States*, 405 U.S. 150, 153 (1972).   There is also a denial of due process

when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v.*

*Illinois*, 360 U.S. 264, 269 (1959) (internal citations omitted).   To prevail on a claim

that a conviction was obtained by evidence that the government knew or should have

known to be false, a defendant must show that the statements were actually false,

that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d at 343. However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000).

Petitioner's claim fails for several reasons.

First, Petitioner is not entitled to habeas relief on his perjury claim because he has failed to show that the prosecutor knew that any of the witnesses testified falsely at Petitioner's trial. *See Rosencrantz v. Lafler,* 568 F.3d 577, 587 (6th Cir. 2009). Petitioner merely points to inconsistencies between the trial testimony of the victim and her preliminary examination testimony. Petitioner also points to inconsistencies between the victim's testimony and that of another witness. These inconsistencies *per se* would be insufficient to establish that the prosecutor knew that the victim or other witnesses testified falsely at trial. *Coe*, 161 F.3d at 343 ("mere inconsistencies" do not show indisputable falsity).

Second, defense counsel, by Petitioner's own admission, was able to cross-examine the victim and witness about these inconsistencies during their testimony. Because defense counsel was able to extensively cross-examine the victim and witness, Petitioner failed to establish that he is entitled to a new trial on the ground that the victim or witnesses committed perjury. *See United States v. Ward,* 190 F.3d

483, 491 (6th Cir. 1999) (rejecting claim that government witness committed perjury where "the court gave the defendants several opportunities to cross-examine and recross-examine the witnesses to bring any inconsistencies in testimony to the attention of the jury. We know of no rule that stands for the proposition that, even with full cross-examination, the introduction of perjured testimony *per se* warrants a new trial.").

Finally, in light of the overwhelming evidence of Petitioner's guilt, any alleged perjury was harmless error at most. *See Rosencrantz v. Lafler,* 568 F.3d at 588. Thus, Petitioner is not entitled to relief on this claim.

### G. Claim # 4. The ineffective assistance of appellate counsel claim.

Petitioner claims that he was deprived of the effective assistance of appellate counsel. Petitioner's primary claim is that his court-appointed appellate counsel failed to provide Petitioner with the trial transcripts so that Petitioner could prepare **his** *pro se* Standard 4 brief that he filed on appeal **in addition to** the brief submitted by appellate counsel.[3] Petitioner's claim is without merit because the trial transcripts

---

[3] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

must have been provided to him by someone evidenced by his extensive citations to the record in his Standard 4 Brief.[4]

In any event, Petitioner fails to state a claim upon which relief can be granted. A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000). This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself. However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause of the Fourteenth Amendment because "under the practices that prevail in the Nation today . . . we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding." *Martinez,* 528 U.S. at 161.

Thus, there is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. *See McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000). By

---

[4] (*See* Defendant/Appellant's Supplemental Brief, ECF No. 22-20, PgID 883–916).

accepting the assistance of counsel, the criminal appellant effectively waives **the right**—not the authorization provided by Standard 4, but the right—to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996); *see also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999) *aff'd in part, vacated in part on other grounds* 262 F.3d 615 (6th Cir. 2001) (defendant who was represented by counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid representation).

Because Petitioner was represented by appellate counsel, any failure by the trial court or appellate counsel to provide Petitioner with the trial transcripts so that he could prepare his own *pro se* brief would not violate Petitioner's constitutional rights. *See U.S. v. Dierling*, 131 F.3d 722, 734, n. 7 (8th Cir. 1997); *Foss v. Racette*, No. 1:12-CV-0059, MAT 2012 WL 5949463, * 4 (W.D.N.Y. Nov. 28, 2012); *see also Willis v. Lafler*, No. 05-74885, 2007 WL 3121542, * 18 (E.D. Mich. Oct. 24, 2007) (petitioner not entitled to habeas relief based upon trial court's failure to rule on petitioner's post-trial motion to compel copies of transcripts and videotapes when petitioner was represented by appellate counsel).

To the extent that Petitioner argues that appellate counsel was ineffective for failing to raise the perjury and access to the court claims that he raised on post-conviction review, he would not be entitled to relief. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first

appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner's underlying claims are without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Therefore, Petitioner is not entitled to relief on his fourth claim.

### H. Claim # 7. The access to the courts claim.

Petitioner finally argues that interference from prison officials deprived him of his right to perfect his appeal of right. Petitioner is not entitled to habeas relief for two reasons.

First, Petitioner's claim that prison officials interfered with his right to perfect an appeal of right is conclusory and unsupported. Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g.*, *Washington v. Renico,* 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient grounds to warrant requiring an evidentiary hearing in a habeas proceeding).

Secondly, any claim by Petitioner that he was denied access to the courts or to legal materials is non-cognizable on habeas review because it is not a direct

challenge to his conviction. Habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints, like the ones raised by Petitioner, which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner should therefore bring a claim which challenges the conditions of confinement under 42 U.S.C.§ 1983. *Id.; see also Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). Petitioner's claim that he was denied access to the courts or access to legal materials is a challenge to the conditions of confinement which cannot be maintained as a habeas action. *See Allen v. Lamanna,* 13 F. App'x. 308, 311 (6th Cir. 2001). To the extent that Petitioner challenges the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x. 389, 393 (6th Cir. 2006).

## IV. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is denied with prejudice.

The Court denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas Petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V.  <u>ORDER</u>

The Court **DENIES WITH PREJUDICE** the Petition for Writ of Habeas Corpus and **DENIES** a Certificate of Appealability.  Petitioner's pending motions

(ECF No. 23 & 24) are **DENIED.**  Petitioner is **DENIED** leave to appeal *in forma*

*pauperis.*

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: June 4, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 4, 2019, by electronic and/or U.S. First Class mail.

> s/ R. Loury
> Case Manager